WHITE
vs
BUCK.

---

COVENANT.

*Case* 133.

*September* 23.

Case stated.

# White *vs* Buck.

### APPEAL FROM THE CHRISTIAN CIRCUIT.

#### *Assignments.*

JUDGE SIMPSON delivered the opinion of the Court.

THE plaintiff in error, as assignee of the following instrument of writing, brought an action of covenant thereon in his own name:

"I hold a certain note signed by Joseph M. Cheany and Joshua Corbin, for one thousand dollars, dated the 31st of December, 1841, and made payable the 25th November, 1843, drawn in favor of E. T. Mershon, and by him assigned to me the 7th February, 1842. Now I hereby promise, when the whole of said note of one thousand dollars is collected, to pay E. T. Mershon two hundred and seventy nine dollars and sixty six cents, and as it is a gratuitous offer to Mershon on my part, I am, according to the agreement, to have my own time and way to collect said note, and should the same never be collected, let the failure be under whatever circumstances, I am to be held in no way bound unto the said Mershon. The above amount to bear interest from the ma-

turity of the note, and according to our settlement this
day, I hereby release said Mershon from all responsibility
growing out of his assignment of said note, should the
money not be made.  Given under my hand this 10th
day of November, 1843.                *Tho. M. Buck.*"

The defendant demurred to the declaration, and the
Court having sustained the demurrer, the only question
is, whether the foregoing writing is assignable so as to
enable the plaintiff to maintain this action in his own
name.

In the case of *Foree's administrator* vs *Thomasson*,
(2 *Litt.* 167,) it was decided, that an instrument of a
mixed character, stipulating to pay money, together with
the performance of other things, was not assignable un-
der the statute.  The same doctrine was recognized in
the case of *Boyd* vs *Rumsey*, &c., (5 *J. J. Marshall*, 42,)
where it is decided that a covenant to clothe a slave or
pay his tax, and return him at the end of the term for
which he was hired, is not a contract to pay money or
property, and although containing also a stipulation to
pay money, is not assignable.

The doctrine deducible from these and other cases of a
similar character decided by this Court is, that a writing
is assignable only when every portion of it is of an as-
signable nature.  The contract is regarded as indivisible;
it must, therefore, pass entire by the assignment or not at
all.  The writings embraced by the statute are only those
which are wholly defined by the expressions, bonds, bills
and promissory notes, whether for money or property.
Unless the whole writing, in all its parts, is of a char-
acter consistent with this description, it is not assigna-
ble.

Writings are as-
signable only
when the entire
interest of the
assignor can pass
to the assignee,
as bonds, bills
and promissory
notes, whether
for money or
property: *Foree's
adm'r.* vs *Thom-
asson*, (2 *Littell*,
167; *Boyd* vs
*Rumsey*, (5 *J. J.
Marshall*, 42.)

Testing the writing upon which this suit was brought
by this principle, it is perfectly evident that it is not as-
signable.  It contains a release of the assignor from all
liability on the assignment.  The benefit of that release
would not pass to the assignee.  It imposes on the obli-
gor the duty of collecting the debt assigned to him by
Mershon.  It is true that he is to exercise his discretion
as to the mode and time of its collection, but still, from
the terms of the instrument, this duty devolves upon

him. The obligation for the performance of this personal service is not assignable. But were it conceded that the writing contains no stipulation for the collection of the debt, and therefore, imposes no personal duty on the obligor, still as it contains a release to the obligee, which could only operate in his favor, and is, from its very nature, not assignable, the character of the instrument would be the same and the same consequences would ensue, its assignment not authorizing the assignee to sue in his own name.

Wherefore, the judgment of the Court below is affirmed.

*Bristow* for appellant.